# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

<table>
<tr><td></td><td>Plaintiff,</td><td>:</td><td>Case No. 1:15-cr-018</td></tr>
<tr><td></td><td></td><td></td><td></td></tr>
<tr><td></td><td></td><td></td><td>District Judge Susan J. Dlott</td></tr>
<tr><td>- vs -</td><td></td><td></td><td>Magistrate Judge Michael R. Merz</td></tr>
<tr><td colspan="4">DAVID A. GUY,</td></tr>
<tr><td></td><td>Defendant.</td><td>:</td><td></td></tr>
</table>

# REPORT AND RECOMMENDATIONS

This is an action brought *pro se* by Defendant David Guy pursuant to 28 U.S.C. § 2255 to obtain relief from his conviction in this Court on a number of child pornography related counts. The case has been referred to the undersigned United States Magistrate Judge by District Judge Susan J. Dlott for case management and recommendation for disposition. See Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(2)((B).

**Litigation History**

Defendant was indicted by the grand jury for this District in February 2015, on charges of aggravated sexual abuse (Count 1), production of child pornography (Count 2), receipt of child

1

pornography (Counts 3, 4, 5), and possession of child pornography (Count 6)(Indictment, ECF No. 1).

The grand jury returned Superseding Indictments later that year (ECF No. 36); in early 2016 (ECF No. 62); and finally in February 2016 charging in Counts 1 through 11 that on various dates Defendant "did knowingly produce, distribute, receive, and possess with the intent to distribute," visual depictions of Minor 1 through 11 engaging in sexually explicit conduct which was obscene, in violation of 18 U.S.C. § 1466A. Count 12 charged Defendant with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Counts 13, 14, and 15 charged him with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count 16 charged him with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2)(Third Superseding Indictment, ECF No. 94).

Defendant filed a number of *pro se* motions (e.g., ECF Nos. 65, 66, 67 and 68) which Judge Dlott denied because defendants represented by counsel are not permitted to file documents *pro se* (ECF No. 69). The case was tried to a jury on March 1-4, 2016 (Minutes, ECF Nos. 116-18, 125). The jury returned a verdict finding Defendant guilty on all counts (ECF No. 126). After receiving and reviewing a Presentence Investigation Report prepared by the United States Probation Department, Judge Dlott sentenced Defendant in July 2016 (Judgment, ECF No. 190). Defendant filed numerous *pro se* appeals from the Judgment (ECF Nos. 196-204). Approximately a year later, the Sixth Circuit dismissed the appeals it considered to be duplicative (ECF No. 228). It then affirmed the final judgment. *United States v. Guy*, Case No. 16-1788, 708 Fed. Appx. 249 (6th Cir. Sept. 13, 2017). Defendant sought review by the United States Supreme Court which denied certiorari. *Guy v. United States*, 2018 U.S. LEXIS 729 (Jan. 16, 2018). Defendant timely filed his Motion to Vacate Under 28 U.S.C. § 2255 on January 14, 2019 (ECF No. 233).

Defendant pleads nineteen Grounds for Relief as follows:

**Ground One:**  Federal government has no standing or venue in this case.

**Ground Two:**  Ohio state sovereignty was not upheld.

**Ground Three:**  Court wrongly permitted unwarranted items (at work) to testify.  Fifth Amendment violation.

**Ground Four:**  Government lawyers used unconstitutional reading of statute 18 U.S.C. § 1466 to convict.

**Ground Five:**  Failure to instruct jury on every element of statute . . . plain error.

**Ground Six:**  Court denied Defendant due process rights.

**Ground Seven:**  Court failed to prevent prosecutors using ex post facto statutes to convict.

**Ground Eight**:  Court permitted plain error, and errors of the court, to prevail.

**Ground Nine**:  Bad faith government prosecutors used subliminal sublimation and other deceptive means to subvert justice.

**Ground Ten:**  Court permitted prosecutors to overindict, and use multiplicitus [sic] charges.

**Ground Eleven:**  Statutes 18 U.S.C. § 1466 and 18 U.S.C. § 2252 are both unconstitutional.

**Ground Twelve:**  Challenge of 2 cases for constitutionality.

**Ground Thirteen:**  Insufficient counsel was afforded the Defendant.

**Ground Fourteen:**  Bad faith, prosecutorial misconduct, malpractice were committed by federal lawyers

**Ground Fifteen:** Court denied First Amendment guarantee of free speech.

**Ground Sixteen:** Court failed to prove *mens rea*.

**Ground Seventeen:** Unfair sentencing, cruel and unusual punishment.

**Ground Eighteen:** Court failed to judge Mr. Guy by his peers.

**Ground Nineteen:** Federal justice system owes Defendant Guy for art works illegally seized without warrant.

(Motion, ECF No. 233).

# Analysis

## Grounds One through Twelve and Fourteen through Eighteen

In his First through Twelfth and Fourteenth through Eighteenth Grounds for Relief, Defendant alleges his convictions violate the Constitution or laws of the United States.

28 U.S.C. § 2255 was added to the federal Judicial Code in 1948 to provide federal prisoners a remedy in the nature of habeas corpus, but in the courts in which they were originally convicted. This was to provide some caseload relief to the habeas corpus district judges who sat in districts containing federal correctional institutions. For the most part, it parallels the habeas corpus remedy codified in 28 U.S.C. § 2254 for state prisoners who allege they are confined in violation of the Constitution.

One important parallel is that § 2255 is not intended to function as a substitute for direct appeal. Persons convicted of federal crimes have a right to appeal to the appropriate circuit court

of appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE 6th, §41.7(e)(2011), citing *Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981), citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

It is well established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013), quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003), citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray*, *supra*, citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

A person convicted of a crime in federal court who cannot afford counsel for appeal will be appointed counsel at no expense. That was done here. Mr. Guy was represented at trial and on appeal by Assistant Federal Defenders; on appeal his counsel was Attorney Kevin Schad.

Mr. Schad did not raise on appeal any of the nineteen claims Defendant now raises in his § 2255 Motion.

Defendant claims that he raised Grounds One through Eleven by filing supplemental *pro se* briefs in the Sixth Circuit. However, those claims were not properly presented.

> In the federal courts, the right of self-representation has been protected by statute since the beginning of our Nation." Section 35 of the Judiciary Act of 1789, 1 Stat 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of . . . counsel." The right is currently codified in 28 U.S.C. § 1654.

*Faretta v. California,* 422 U.S. 806, 812-13 (1975). Thus Mr. Guy had the right to represent himself just as he had the right to have appointed counsel.

However, there is no right to hybrid representation where the lawyer files some things and the client files others. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). A party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, No. 06-20369-B, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987); *United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

Consequently, the Grounds for Relief Defendant filed *pro se* in the Sixth Circuit were not properly presented to that court and are therefore procedurally defaulted.

Defendant admits that Grounds Twelve through Nineteen were never presented on appeal. They are procedurally defaulted for the same reason: they could have been presented on appeal but were not.

Defendant seeks to excuse his failure to present Grounds Twelve and Seventeen to the Sixth Circuit on the grounds they were not ripe (Motion, ECF No. 233, PageID 2353).[1] However, he offers no explanation of that claim. His assertion that some of the case law relied on by the Government should be overruled or that his sentence violates the Eighth Amendment were certainly available to him at the time of his direct appeal.

It is therefore respectfully recommended that Grounds One through Twelve and Fourteen through Eighteen be dismissed with prejudice as procedurally defaulted because they were not raised on direct appeal.

**Ground Thirteen: "Insufficient" Counsel for the Defense**

In his Thirteenth Ground for Relief, Defendant claims he was afforded "insufficient" counsel. The Magistrate Judge reads this as a claim that Defendant received ineffective assistance of trial counsel from Assistant Federal Defender Zaneida Lockard and ineffective assistance of appellate counsel from Assistant Federal Defender Kevin Schad (see Motion, ECF No. 233, at PageID 2385-86).

An ineffective assistance of counsel claim should be brought in a § 2255 motion, rather than on direct appeal. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Procedural default doctrine does not bar the 2255 motion even if the issue could have been raised on direct

_____

[1] Defendant offers the same excuse as to Grounds Thirteen and Nineteen. Ground Thirteen is not subject to procedural default by failure to present on appeal. Ground Nineteen is dealt with separately below.

appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999). Therefore, these claims are properly brought in this § 2255 proceeding instead of having been brought on direct appeal.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). See generally Annotation, 26 ALR Fed 218.

As to trial attorney Zaneida Leonard, Guy claims she was ineffective because she would not argue any of the points Guy wanted her to argue or ask any of the witnesses the questions he suggested (Motion, ECF No. 233, PageID 2385). But without knowing what those points or questions were, the Court cannot judge whether it was ineffective assistance of trial counsel to fail to make them. He claims she did not stand up for him when he claimed he could not make eye contact with four of the jurors (*id.*), but that did not violate any of Defendant's rights. He claims it was ineffective assistance for her to "allow" the government lawyers to interrupt her closing argument, but he has not said what the interruptions were or whether the Court sustained the interruptions. The only other point Guy makes is a grossly offensive characterization of Ms. Leonard's pregnancy. Pregnancy does not render an attorney incapable of providing good representation.

As to appellate counsel Kevin Schad, all Guy claims is that Schad would not make the arguments Guy wanted him to make.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*,

469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., citing *Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Guy has not even attempted to show that any of the arguments he wanted raised were stronger than those Schad actually made. To take but one example, his claim that the federal government has no standing to prosecute internet-related crimes because no "commerce" is involved is plainly meritless. Congress has the power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce and if Congress rationally believes that leaving it unregulated would undermine Congress's ability to

regulate the larger interstate activity. *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)(as to intrastate drug activity), citing *Perez v. United States,* 402 U.S. 146, 151 (1971), and *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942). Intrastate production of child pornography is such an activity. *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010); *United States v. Chambers*, 441 F.3d 438, 454 (6th Cir. 2006).

Defendant has not shown either ineffective assistance of trial counsel or ineffective assistance of appellate counsel. Therefore, Ground Thirteen should be dismissed on the merits.

**Ground Nineteen: Compensation for Illegal Seizure of Art Works**

In his Nineteenth Ground for Relief, Defendant claims the federal justice system owes him $1,200,000 in damages for art works seized from his home without a warrant and destroyed as a result of forfeiture in this case (ECF No. 233, PageID 2392-93).

This Ground for Relief should be dismissed without prejudice because it does not state a claim upon which relief can be granted under 28 U.S.C. § 2255. In other words, a defendant cannot receive compensation in a § 2255 case for property seized from him in the course of the proceedings.

On July 19, 2016, Judge Dlott entered a Final Order of Forfeiture which forfeited to the United States the following property:

      a.   Compaq Presario tower computer, Serial Number CNC4240VBR;

      b.   IBM desktop computer, Serial Number KCGR9EV;

      c.   Western Digital hard disk;

> d.   Assorted CDs and DVDs; and
>
> e.   All pornographic and obscene material, whether depicting
>     adults or minors or both, and all photographs which depict
>     minors, other than photographs of clothed minor members of
>     the defendant's family.

(ECF No. 205, PageID 1484).  It does not appear Mr. Guy is seeking compensation for Items a through d.  To the extent he has included in Ground Nineteen any of the items listed in e, the question of their forfeiture to the United States is *res judicata* since no appeal was taken from the Final Order of Forfeiture.  To the extent Mr. Guy intends to claim compensation for any other items seized but not described in the Final Order of Forfeiture, he must bring a separate civil action against the United States in the Court of Claims.

Because this is not the proper forum in which to litigate compensation for what is alleged to have been an illegal seizure, Ground Nineteen should be dismissed without prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Ground Nineteen be dismissed without prejudice, but that all other grounds be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 18, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).