IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 1:15-cr-18 |
| v. | Judge Susan J. Dlott |
| David Guy, | Order Overruling Objections to Report and Recommendation Denying Defendant's 28 U.S.C. § 2255 Motion |
| Defendant. | |

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Michael R. Merz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed a Report and Recommendation (Doc. 235) with this Court on January 18, 2019. Subsequently, Defendant filed Objections (Doc. 236).

## I. BACKGROUND

The procedural history of this case was aptly set forth by the Magistrate Judge, and as such, the Court will set forth only a limited history here. At the conclusion of his jury trial, Defendant was convicted on 11 counts of knowingly producing, distributing, receiving and possessing with intent to distribute visual depictions of a minor engaging in sexually explicit conduct which was obscene, in violation of 18 U.S.C. § 1466A; one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and three counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4). He was sentenced in July 2016. The Defendant filed numerous appeals in the Sixth Circuit which were either dismissed as duplicative or denied, *United States v. Guy*, Nos. 16-3804; 16-3805; 16-3806; 16-3807; 16-3808; 16-3809; 16-3810; 16-3811; 16-3812 (6th Cir. June 14, 2017) (dismissing nine duplicative appeals); No.

No. 16-1788, 708 Fed. App'x 249 (6th Cir. Sept. 13, 2017) (affirming conviction and sentence). On January 16, 2018, the Supreme Court denied his writ of certiorari. *Guy v. United States*, 138 S. Ct. 751 (2018).

On January 14, 2019, Defendant filed a Motion to Vacate under 28 U.S.C. 2255 (Doc. 233), for which the Magistrate Judge issued a Report and Recommendation denying the Motion (Doc. 235), and to which Defendant now objects (Doc. 236). In his Motion, Defendant sought relief from custody pursuant to 28 U.S.C. § 2255, which states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Defendant claimed nineteen grounds for relief, as stated in his own words:

1. Federal government has no standing or venue in this case.
2. Ohio state sovereignty was not upheld.
3. Court wrongly permitted unwarranted items (artwork) to testify. Fifth amendment violation.
4. Gov[ernment] lawyers used unconstitutional reading of statute 18 U.S.C. § 1466 to convict.
5. Failure to instruct jury on every element of statute…plain error.
6. Court denied defendant due process rights.
7. Court failed to prevent prosecutors [from] using ex post facto statutes to convict.
8. Court permitted plain error, and errors of the court, to prevail.
9. Bad faith government prosecutors used subliminal sublimation, and other deceptive means to subvert justice.
10. Court permitted prosecutors to overindict, and use [sic] multiplicitus charges.
11. Statues 18 U.S.C. § 1466, and 18 U.S.C. § 2252 are both unconstitutional.
12. Challenge of 2 cases for constitutionality.
13. Insufficient counsel was afforded the defendant.
14. Bad faith, and prosecutorial misconduct, [and] malpractice were committed by federal lawyers.
15. Court denied First Amendment guarantee of free speech.
16. Court failed to prove mens rea.

2

17. Unfair sentencing, cruel and unusual punishment.
   18. Court failed to judge Mr. Guy by his peers.
   19. Federal justice system owes defendant Guy, for artworks illegal seized without warrant.

(Doc. 233 at PageID 2351–52.) The Magistrate Judge concluded that grounds 1–12 and 14–18 are barred by procedural default. As to ground 13, the Magistrate Judge considered the merits of the claim and concluded that Defendant did not show ineffective assistance counsel. Finally, as to ground 19, the Magistrate Judge concluded that this is not the proper forum in which to litigate compensation for what is alleged to have been an illegal seizure, and therefore recommended dismissal without prejudice.

## II.  LAW

A defendant has the right to object to the Magistrate Judge's recommended disposition by serving and filing "specific written objections to the proposed findings and recommendations" within 14 days of being served. Fed. R. Civ. P. 72(b)(2). In resolving such objections, "a district judge must determine de novo any part of the magistrate's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court has thoroughly reviewed the relevant pleadings and record in this case and now will turn to its analysis.

## III.  ANALYSIS

### A. Improper Objections Will Not Be Considered

As an initial matter, although the Defendant lists 20 "objections," the bulk of his filing amounts to argument with the Magistrate Judge's conclusions without any legal basis and regurgitation of his prior-stated opinions. Without expending too much time on these

"objections," the Court will provide a few examples. The Defendant claims he was biased because he could not see all jurors, comparing the courtroom to a TV drama. He also repeats his crudely-stated complaint that his trial lawyer was ineffective because she was pregnant. He repeats his arguments that he has a right to make any "artwork" he wants in the privacy of his home. The Court finds these types of "objections" to be improper and will not consider them.

### B. Procedural Default

The Magistrate Judge concluded that the Defendant's grounds 1–12 and 14–18 are barred by procedural default because they could have been but were not raised on direct appeal. The Court agrees with this conclusion, which relies upon well-established law. "Claims that were or could have been raised on direct appeal may not be raised in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted)).

The arguments raised by Defendant in his Objections do not alter the analysis or conclusion that procedural default bars the majority of his grounds for relief. As to actual prejudice, the Defendant claims that the rule against hybrid representation is blatantly unconstitutional and that he attempted to raise issues through numerous *pro se* filings. But this is not the law. Defendant identifies no caselaw to the contrary of *McKaskle v. Wiggins*, 465 U.S.

4

168, 183 (1984), which was correctly cited by the Magistrate Judge for the proposition that a defendant has no right to hybrid representation.[1]

Nor has Defendant proven actual innocence. He argues that the statutes used to convict him are unconstitutional and that various elements of the claims were not met at trial. Neither objection is supported legally or factually. In that vein, Defendant reiterates his position that the Court is without jurisdiction to prosecute him because no "commerce" was involved. Defendant objects to the Report and Recommendation's conclusion that regulation of the Internet is within Congress's power under the Commerce Clause. The Magistrate Judge concluded as follows:

> Congress has the power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce and if Congress rationally believes that leaving it unregulated would undermine Congress's ability to regulate the larger interstate activity. *Gonzales v. Raich*, 545 U.S. 1, 17 (2005) (as to intrastate drug activity), citing *Perez v. United States*, 402 U.S. 146, 151 (1971), and *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942). Intrastate production of child pornography is such an activity. *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010); *United States v. Chambers*, 441 F.3d 438, 454 (6th Cir. 2006).

(Doc. 235 at PageID 2404–05.) The sole citation of authority in the Objections is to *United States v. Peterson*[2] which purportedly refutes this point. 236 F.3d 848 (7th Cir. 2001), *abrogated on other grounds by Taylor v. United States*, 136 S. Ct. 2074 (2016). The Court disagrees. In *Peterson*, the Seventh Circuit upheld the *de minimis* standard for impact on interstate commerce in the Hobbs Act, although concluding the Government had not proved it in that case. 236 F.3d at

---

[1] Defendant claims the reason for the *pro se* filings is because his counsel was insufficient, an argument that is addressed later and found to be without merit.
[2] Guy cites the case as "*Peterson v. U.S.*" (Doc. 236 at PageID 2425).

5

851, 855. This is not a Hobbs Act case, and nothing in the statutes under which the Defendant was prosecuted requires proof of any impact on interstate commerce. Farmer Filburn's growing corn on his own land in Montgomery County, Ohio for consumption on that land was every bit as "local," 317 U.S. at 124-25, as Defendant's production of his "art." Nonetheless, the Supreme Court upheld Congress's power to regulate it.[3]

The Defendant seemingly believes he has constitutional rights which are defined by his personal preferences, including his alleged artist's First Amendment right to view and create any images he wishes. To protect constitutional rights, our country has created a judicial system with authority to declare when the Constitution has been violated. That system has produced a large body of case law interpreting and enforcing those rights. To adopt the Defendant's premise that the Constitution means whatever any person believes it means would be to jettison that system and body of law in favor of lawless anarchy, which would provide no real constitutional protection at all. Although Defendant asserts that reasonable jurists could disagree with the Report and Recommendation, he produces no case law to show which reasonable jurists would have such disagreements.

### C. Ineffective Assistance of Counsel

Defendant also reiterates his arguments that his trial and appellate lawyers were ineffective, using dramatic language to attempt to describe a deficit in his attorneys' skill level that this Court certainly did not observe nor has the Defendant established with any evidence. The Court sees no need to reiterate his inflammatory complaints here, but rather will note that there is no case law cited or evidence identified that demonstrates that the Magistrate Judge's

---

[3] Although asked to reverse *Wickard*, the Supreme Court refused to do so. *See Nat'l Fed'n of Indep. Bus. v. Sebeliuis*, 567 U.S. 519 (2012).

conclusion that the Defendant failed to demonstrate ineffective assistance of counsel is contrary to law. Although the Court had limited interaction with appellate counsel, the Court observed firsthand the Defendant's trial attorneys advocating zealously on his behalf before, during, and after trial.

As to the Defendant's argument that his appellate attorney did not raise various arguments on his behalf, Defendant has failed to show that the omitted arguments were stronger, and thus more likely to prevail, than the arguments made. The Court must be able to evaluate the strength of the claim that appellate counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011) (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir.2008)). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." *Id.* (citing *Wilson*). No such showing has been made here. Defendant's conclusion that his arguments were stronger does not render them so – let alone likely to change the result of his appeal.

## IV. CONCLUSION

The Magistrate Judge's Report and Recommendation does not include any clearly erroneous findings of fact and its conclusion are not contrary to law. Accordingly, Defendant's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability, and the Court hereby certifies to the Sixth Circuit that any appeal would be

objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. The Clerk shall enter judgment to this effect, and the case shall be terminated on the docket.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court